PATRICIA GRAHAM, Plaintiff-Appellant v. RONALD ROGERS and HARDEE'S FOOD SYSTEMS, INC., Defendants-Appellees

No. 9418SC400

(Filed 6 February 1996)

1. **Judgments § 38 (NCI4th)— verbal order entered after hearing—subsequent written order not entered out of district and term**

When a trial court, after a hearing, then and there enters a verbal order into the record in open court, a later written version of such order which merely reduces the prior verbal order to writing is not an order improperly entered out of district and out of term.

**Am Jur 2d, Judgments §§ 79-82.**

2. **Discovery and Depositions § 59 (NCI4th)— order to compel discovery—attorney's fees properly awarded**

The trial court did not err in awarding defendants $1,000 in attorney's fees incurred in obtaining an order to compel discovery where plaintiff did not argue that her opposition to the motion to compel was substantially justified, plaintiff failed to show that an award of attorney's fees was unjust under the circumstances, and the amount was not excessive in light of the number of hours, travel expenses, and travel time spent by the attorneys in pursuing the motion to compel.

**Am Jur 2d, Depositions and Discovery §§ 369 et seq.**

**Taxation of costs and expenses in proceedings for discovery or inspection. 76 ALR2d 953.**

3. **Appeal and Error § 291 (NCI4th)— denial of petition for certiorari**

In an appeal from an order awarding defendant attorney's fees incurred in obtaining an order to compel discovery, the Court of Appeals denied plaintiff's petition for a writ of certiorari seeking to have the Court consider that plaintiff's counsel inadvertently neglected to assign as error defendant's alleged stonewalling of discovery as a circumstance making an award of attorney's fees unjust since plaintiff failed to show that the right to appeal had been lost by failure to take timely action or that no right to appeal from an interlocutory order existed; no challenge

GRAHAM v. ROGERS

[121 N.C. App. 460 (1996)]

to the trial court's settlement of the record on appeal was involved; and the petition did not concern an assignment of error but was simply an attempt by plaintiff to add additional facts to the record. N.C. R. App. P. 21(a)(1).

**Am Jur 2d, Certiorari §§ 5-14 .**

Appeal by plaintiff from order filed 19 November 1993 by Judge William H. Freeman in Guilford County Superior Court. Heard in the Court of Appeals 21 March 1995.

*Joseph Edward Downs and Jeffrey S. Lisson for plaintiff-appellant.*

*Blakeney & Alexander, by W.T. Cranfill, Jr., and Jay L. Grytdahl, for defendant-appellee Hardee's Food Systems, Inc.*

McGEE, Judge.

Plaintiff appeals from an order granting defendant Hardee's Food Systems, Inc.'s (Hardee's) motion to compel discovery and ordering attorney's fees of $1,000 be paid by plaintiff to the defendants. We find no error and affirm the order.

Plaintiff first argues the trial court committed reversible error by entering the order out of district and out of term without the consent of the parties. This argument is without merit.

[1] The hearing on Hardee's motion to compel discovery occurred on 11 June 1993, with the written order filed 15 November 1993, which plaintiff argues makes the order entered out of district, out of session, and out of term. However, the transcript clearly shows the trial court made findings of fact and conclusions of law and entered its order in open court at the close of the 11 June hearing. The hearing was held within district and in term. When a trial court, after a hearing, then and there enters a verbal order into the record in open court, a later written version of such order which merely reduces the prior verbal order to writing is not an order improperly entered out of district and out of term. *See State v. Smith*, 320 N.C. 404, 415-16, 358 S.E.2d 329, 335 (1987); *State v. Horner*, 310 N.C. 274, 278-79, 311 S.E.2d 281, 285 (1984). *See also Turner v. Hatchett*, 104 N.C. App. 487, 489, 409 S.E.2d 747, 748 (1991) ("We are aware of the case law that allows written orders to be entered out of session in those situations where the trial court made an oral ruling in open court and in session.") Therefore, the trial court's order is valid.

GRAHAM v. ROGERS

[121 N.C. App. 460 (1996)]

**[2]** Plaintiff next argues the trial court committed reversible error and abused its discretion in awarding defendants $1,000 in attorney's fees. We disagree.

On 2 March 1993, defendant Hardee's served plaintiff with its First Set of Interrogatories and First Request for Production of Documents. After plaintiff failed to respond to the requests, Hardee's sent plaintiff's counsel a reminder letter dated 14 April 1993. The letter advised plaintiff the discovery requests were due 5 April 1993 and if plaintiff failed to promptly respond, Hardee's would seek an order compelling discovery under N.C.R. Civ. P. 37(a). Plaintiff still did not respond and Hardee's served plaintiff with a Motion To Compel Discovery on 6 May 1993. Plaintiff faxed unverified answers to defendants' interrogatories and some of the documents requested on 30 May 1993, with the defendants receiving the hard copies on 3 June 1993. At the time of the hearing, plaintiff had still not produced the medical records nor back tax records requested by the defendants.

When a party fails to answer interrogatories or produce documents in response to a proper request for discovery under the rules of civil procedure, the proponent of the discovery request may move for an order compelling an answer or production of documents. N.C.R. Civ. P. 37(a)(2). As plaintiff's counsel admitted at the hearing, plaintiff had not properly complied with the discovery requests. The transcript shows the following remarks by plaintiff's counsel: "First off, Your Honor, no doubt we delayed in responding to the Defendants' discovery;" and later, "Judge, I'm not arguing with the Motion to Compel, and as I stated at the beginning, they are entitled to an order compelling discovery." The trial court correctly granted Hardee's motion to compel.

Once a motion to compel is granted, the court shall require the party or deponent whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that party's opposition to the motion was substantially justified or if circumstances make an award of expenses unjust. N.C.R. Civ. P. 37(a)(4). Plaintiff does not argue that her opposition to the motion to compel was substantially justified. Therefore, defendants were entitled to attorney's fees unless plaintiff proved such an award was unjust under the circumstances.

Plaintiff argues the award of attorney's fees was unjust because plaintiff "substantially complied" with the discovery requests prior to

GRAHAM v. ROGERS

[121 N.C. App. 460 (1996)]

the hearing. There is no merit to this argument. Although plaintiff had tendered answers to Hardee's interrogatories prior to the hearing, she had not produced the requested medical records. Plaintiff's counsel expressed there had been a problem in getting the medical records from one of plaintiff's seven doctors, but he gave no explanation for the delay in producing the other records. As he stated at the hearing: "The question is whether we responded sufficiently to the Request for Production of Documents. Again, no doubt we have not." The award of attorney's fees is not unjust under these circumstances. Further, even if plaintiff "substantially complied" with the discovery request, she would not avoid operation of the statute. For purposes of Rule 37(a), "an evasive or incomplete answer is to be treated as a failure to answer." N.C.R. Civ. P. 37(a)(3).

In her brief, plaintiff presents several other arguments alleging circumstances making an award of attorney's fees unjust. However, we need not decide whether these circumstances are sufficient to avoid paying the mandatory fees. Plaintiff presented no evidence of these circumstances at the hearing and raised them for the first time in letters addressed to the trial judge after the decision had been rendered. The transcript of the hearing contains the following exchanges between the court and plaintiff's counsel:

THE COURT:     "Why didn't you comply with the discovery like you were supposed to?"

MR. LISSON:     "Your Honor, at the time we received and responded—I can't tell the Court right now why that wasn't complied with in time."

and:

THE COURT:     "Why are we having this hearing? When they sent you a notice that we're going to have a hearing to compel discovery, did it ever occur to you to call up and say, Look, I know you're entitled to discovery. . . . Why didn't you just call them up and say, Look, let's don't go up there [for the motions hearing], and give me ten more days. Did it ever occur to you or to Mr. Downs that you could do that?"

MR. LISSON:     "It did, Your Honor, and I can't answer you why it wasn't done."

The only possible suggestion presented at the hearing of special circumstances justifying delay came in response to defendants' counsels' concern that the plaintiff was in Tennessee and was not serious about pursuing the lawsuit. Plaintiff's counsel stated the plaintiff was in North Carolina, but had been in Tennessee for a family emergency. No further evidence or explanation was given. While plaintiff's counsel claims in the brief that defendants' counsel were notified by phone of plaintiff's alleged reason for delay, no evidence is presented in the record that the defendants were ever notified of any reason or received any explanation prior to the hearing for the failure to timely comply with discovery requests.

[3] In an attempt to show "other circumstances" she claims makes an award of attorney's fees unjust, plaintiff filed a petition for a writ of certiorari seeking to have this Court "consider . . . that [plaintiff's counsel] inadvertently neglected to assign as Error the fact that Hardee's stonewalled discovery by providing totally black and illegible copies of documents in its purported responses to Plaintiff's Requests to Produce in some instances, and flatly refusing to respond to discovery requests in other instances." Although the comment to Rule 37 suggests such circumstances could make an award unjust, we must refuse to grant plaintiff's petition. Under the Rules of Appellate Procedure, a writ of certiorari will only be issued upon a showing of appropriate circumstances in a civil case where the right to appeal has been lost by failure to take timely action or where no right to appeal from an interlocutory order exists. N.C.R. App. P. 21(a)(1). Additionally, our Supreme Court has said: "[A] challenge to the trial court's settlement [of the record on appeal] may be preserved by an application for certiorari made incidentally with the perfection of the appeal upon what record there is." *Craver v. Craver*, 298 N.C. 231, 237 n.6, 258 S.E.2d 357, 361 (1979). Plaintiff's request fails to meet these criteria.

Further, this request does not concern an assignment of error but is simply an impermissible attempt by plaintiff to add additional facts to the record. These facts were not presented for consideration at the hearing on the motion to compel, are not part of the official record, and may not be considered by this Court. N.C.R. App. P. (9)a. Also, it appears these acts by Hardee's occurred after the order compelling discovery in this case had been entered in open court and could not have affected the order.

**GRAHAM v. ROGERS**

[121 N.C. App. 460 (1996)]

Plaintiff also sought a writ of certiorari in the event this appeal was interlocutory. Since the notice of appeal from the order granting the motion to compel and awarding attorney's fees was not filed until after summary judgment had been entered in the underlying case, this appeal is not interlocutory.

A party wishing to avoid sanctions for non-compliance with discovery requests has the burden of proving the non-compliance was justified. *Hayes v. Browne*, 76 N.C. App. 98, 101, 331 S.E.2d 763, 764-65 (1985), *disc. review denied*, 315 N.C. 587, 341 S.E.2d 25 (1986). Plaintiff failed to meet this burden, and the trial court properly awarded attorney's fees to defendants.

Finally, plaintiff argues the trial court erred by awarding an excessive amount for attorney's fees. A trial court's award of sanctions under Rule 37 will not be overturned on appeal absent an abuse of discretion. *See, e.g., Brooks v. Giesey*, 106 N.C. App. 586, 592, 418 S.E.2d 236, 239, (1992), *affirmed*, 334 N.C. 303, 432 S.E.2d 339 (1993). Here, we find no abuse of discretion.

Defendant submitted a "Statement of Fees and Costs" alleging that over forty hours of time was spent by three attorneys preparing the motion to compel and participating in the hearing. Even if we accept plaintiff's argument that this includes time not properly spent on this motion, there remains approximately 10 hours of time spent by attorney Jay Grytdahl and approximately 4 hours spent by attorney Brent Patterson that are directly related to the motion to compel and the 11 June 1993 hearing. Further, Grytdahl incurred $70.28 in travel expenses to attend the hearing. Since Patterson bills at $125.00 per hour and Grytdahl bills at the rate of $150.00 per hour, we cannot say that an award of $1000 for 14 hours to prepare the motion, travel to the hearing from Charlotte to Greensboro and return, and to argue the motion is excessive.

Plaintiff also complains the award was excessive because the trial court granted attorney's fees for defendant Rogers, who did not file the motion to compel. However, Roger's attorney also attended the hearing and the trial court ordered both defendants' attorney's to share the $1,000 award for fees. Since we have already determined the award was not excessive based upon the time spent by Hardee's attorneys preparing and arguing the motion to compel, we fail to see how plaintiff is prejudiced by Hardee's having to share the award with Rogers. We find no merit to this argument.

We also find no merit to plaintiff's argument the trial court's award of $1000 impermissibly punished plaintiff for matters outside of the motion to compel. A review of the order shows the award was only for "preparation of this Motion and hearing of said Motion."

For the reasons stated above, we find the trial court did not err or abuse its discretion in granting Hardee's' Motion to Compel and awarding $1000 in attorney's fees. Because we have chosen to address the merits of plaintiff's appeal, and because of our holding in defendants' favor, we need not address the merits of Hardee's' motion to dismiss and the motion is denied. Plaintiff's petition for a writ of certiorari is also denied. The order of the trial court is affirmed.

Affirmed.

Judges JOHNSON and COZORT concur.