JAMES A. CRUTCHFIELD, Plaintiff v. DIANE SMITH CRUTCHFIELD, Defendant

No. COA98-534

(Filed 2 February 1999)

### 1. Divorce— equitable distribution—unreasonable delay— sanctions—discretion of court—appellate review

Whether to impose sanctions and which sanctions to impose under N.C.G.S. § 50-21(e) for unreasonable delay or attempted delay of an equitable distribution proceeding are decisions vested in the trial court and reviewable on appeal for abuse of discretion. In applying this standard, the appellate court will uphold a trial court's order of sanctions unless it is manifestly unsupported by reason.

### 2. Divorce— equitable distribution—unreasonable delay— sanctions—attorney fees

The trial court did not abuse its discretion in ordering defendant wife to pay $1,500 of plaintiff husband's attorney fees in an equitable distribution proceeding as a sanction for delays and attempts to delay "which were prejudicial to the plaintiff" based upon competent evidence of additional attorney fees incurred because defendant and her counsel failed to attend hearings.

### 3. Divorce— equitable distribution—request for unequal distribution—findings of supported distributional factors

The trial court in an equitable distribution proceeding should have made specific findings of fact as to each distributional factor upon which evidence was presented since plaintiff husband requested an unequal distribution; however, defendant wife was not prejudiced by the court's failure to do so where she asked for, and received, an equal distribution of the marital property.

### 4. Divorce— equitable distribution—classification and valuation—conclusiveness on appeal

The trial court's classification and valuation of jewelry in an equitable distribution proceeding were conclusive on appeal where there was evidence to support them.

Appeal by defendant from judgment entered 22 September 1997 by Judge E. J. Harviel in Alamance County District Court. Heard in the Court of Appeals 6 January 1999.

**CRUTCHFIELD v. CRUTCHFIELD**

[132 N.C. App. 193 (1999)]

*Frederick J. Sternberg, for plaintiff-appellee.*

*John W. Lunsford, for defendant-appellant.*

LEWIS, Judge.

Plaintiff and defendant were divorced by judgment dated 10 June 1996. On 22 September 1997, Judge E. J. Harviel entered an equitable distribution judgment, and defendant assigns and argues three errors from the judgment. We affirm the trial court's judgment.

Defendant first assigns error to the trial court's order of attorney fees to the plaintiff. Plaintiff moved for sanctions under N.C. Gen. Stat. § 50-21(e) on 11 March 1997. By order dated 24 March 1997, Judge Spencer Ennis awarded plaintiff attorney fees pursuant to N.C. Gen. Stat. § 50-21(e) (1997), which provides in pertinent part:

> Upon motion of either party or upon the court's own initiative, the court shall impose an appropriate sanction on a party when the court finds that:
>
>> (1) The party has willfully obstructed or unreasonably delayed, or has attempted to obstruct or unreasonably delay, discovery proceedings, including failure to make discovery pursuant to G.S. 1A-1, Rule 37, or has willfully obstructed or unreasonably delayed or attempted to obstruct or unreasonably delay any pending equitable distribution proceeding, and
>>
>> (2) The willful obstruction or unreasonable delay of the proceedings is or would be prejudicial to the interests of the opposing party.
>
> . . . .
>
> The sanction may include an order to pay the other party the amount of the reasonable expenses and damages incurred because of the . . . delay, including a reasonable attorneys' fee . . . .

The court reserved its ruling on the amount of sanctions and ordered plaintiff to submit an affidavit of additional "attorney's fees incurred by the Plaintiff as a result of the Defendant's willful obstruction and unreasonable delay" or attempt thereof. Plaintiff's attorney submitted an affidavit which included a record of the total attorney fees incurred in the case as well as a list of the $2404.80 in fees allegedly resulting from the delay.

CRUTCHFIELD v. CRUTCHFIELD

[132 N.C. App. 193 (1999)]

In the equitable distribution judgment, Judge Harviel found as a fact that plaintiff was entitled to partial attorney's fees as a sanction for willful delay or attempted delay that prejudiced her. Judge Harviel ordered defendant to pay plaintiff "$1,500.00 as a partial allowance on attorney's fees pursuant to G.S. 50-21(e) . . . ." Defendant contends first that this award is in excess of what plaintiff should have been awarded as delay-related fees, and second that the court cannot award fees because the judge failed to find any prejudice under N.C. Gen. Stat. § 50-21(e)(2) to plaintiff resulting from such delays. We address these arguments in the logical rather than presented order; first, whether sanctions were properly imposed, and second whether the amount was excessive.

Generally, a trial judge has discretion to determine the propriety and select the method of sanctions. *See Bumgarner v. Reneau*, 332 N.C. 624, 630, 422 S.E.2d 686, 690 (1992) (affirming that sanctions under Rule 37 for discovery violations are within the sound discretion of the trial court); *Goss v. Battle*, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993) (stating that the determination of what sanction, if any, to impose under Rule 41(d) and N.C. Gen. Stat. 1-109 lies within the sound discretion of the trial court). An award of sanctions for a discovery violation under Rule 37 "will not be overturned on appeal absent an abuse of discretion," *Graham v. Rogers*, 121 N.C. App. 460, 465, 466 S.E.2d 290, 294 (1996). Rule 11 sanctions are slightly different in that imposition of sanctions is reviewable *de novo*, but the choice of sanction is reviewable under an abuse of discretion standard. *See Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989); *Page v. Roscoe, LLC*, 128 N.C. App. 678, 680, 497 S.E.2d 422, 424 (1998).

[1] We have not previously addressed the standard of review for sanctions imposed under section 50-21(e). The abuse of discretion standard is applied to the imposition and selection of sanctions under Rule 37. See *Bumgarner*, 332 N.C. at 631, 422 S.E.2d at 690; *Graham*, 121 N.C. App. at 465, 466 S.E.2d at 294. Section 50-21(e)(1) includes Rule 37 violations as sanctionable conduct. We hold, therefore, that whether to impose sanctions and which sanctions to impose under G.S. § 50-21(e) are decisions vested in the trial court and reviewable on appeal for abuse of discretion. In applying an abuse of discretion standard, this Court will uphold a trial court's order of sanctions under section 50-21(e) unless it is "manifestly unsupported by reason." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

CRUTCHFIELD v. CRUTCHFIELD

[132 N.C. App. 193 (1999)]

[2] Among the trial court's findings of fact in this case was:

> 17. That the Plaintiff shall be entitled to a partial allowance on his Attorney's Fees from the Defendant pursuant to the Order of the Court dated March 24, 1997 pursuant to G.S. 50-21(e) of the North Carolina General Statutes as sanctions for the Defendant's wilful [sic] obstruction and unreasonable delay or attempt to obstruct or unreasonably delay discovery proceedings and any equitable distribution proceedings which were prejudicial to the Plaintiff; that the sum of $1,500.00 is a reasonable sum to be assessed herein upon review of the itemization of time expended herein by the Attorney for the Plaintiff.

This finding of fact indicates that the trial judge found delays and attempts to delay "which were prejudicial to the Plaintiff." Competent, record evidence of additional attorney fees incurred because defendant and her counsel failed to attend hearings supports this fact. Finding of fact #17 satisfies the requirement of section 50-21(e)(2). The amount of fees awarded is reasonable on this record, and we find no abuse of discretion in either the imposition or the amount of the sanction. Defendant's assignment of error is overruled.

[3] Defendant next contends that the trial court should have made specific findings regarding each of the twelve section 50-20(c) factors since plaintiff requested an unequal distribution. *See* N.C. Gen. Stat. § 50-20(c) (1997). Defendant personally signed the parties' pre-trial order which by its own terms "stipulated" that "the defendant contends that an equal distribution of marital property would be equitable." Plaintiff, however, listed several factors and presented evidence in support of an unequal distribution. The trial court made a finding of fact that after considering the section 50-20(c) evidence, an equal distribution of marital property would be equitable. Defendant is correct that the trial court should have made specific findings of fact as to each factor upon which evidence was presented. *See* N.C. Gen. Stat. § 50-20(j) (1997); *Armstrong v. Armstrong*, 322 N.C. 396, 403, 368 S.E.2d 595, 599 (1988). As in *Chandler v. Chandler*, 108 N.C. App. 66, 73, 422 S.E.2d 587, 592 (1992), the "court made insufficient findings to show that it considered the evidence that was presented under the distributional factors of N.C.G.S. § 50-20(c)." However, defendant makes no argument, showing, or claim that she was prejudiced in any way by this omission. "[T]o obtain relief on appeal, an appellant must not only show error, but that appellant must also show that the error was material and prejudicial . . . ."

*Starco, Inc. v. AMG Bonding and Ins. Services, Inc.*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996). *See* N.C. Gen. Stat. § 1A-1, Rule 61 (1990). Defendant asked for, and received, an equal distribution of marital property. As such, her assignment of error is overruled.

**[4]** Finally, defendant contends the trial court committed reversible error in classification and valuation of items of jewelry. She asserts that although the trial court is in the best position to determine credibility of witnesses, an appellate court should be free to change values and classifications of property. This argument clearly lacks merit. In appellate review of a bench equitable distribution trial, the findings of fact regarding value are conclusive if there is evidence to support them, even if there is also evidence supporting a finding otherwise. *See Chandler*, 108 N.C. App. at 73, 422 S.E.2d at 592. The trial court has discretion in distributing marital property, and "the exercise of that discretion will not be disturbed in the absence of clear abuse." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986). "This Court is not here to second-guess values of marital and separate property where there is evidence to support the trial court's figures." *Mishler v. Mishler*, 90 N.C. App. 72, 74, 367 S.E.2d 385, 386, *rev. denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). Here, there was evidence to support both the trial court's valuation and classification of the jewelry. Defendant's final assignment of error is meritless.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.