An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-200

NORTH CAROLINA COURT OF APPEALS

Filed: 2 September 2014

KATHY BELL,
    Plaintiff,

v.                                          Wilkes County
                                            No. 10 CVD 1004
RALPH E. BELL,
    Defendant.


Appeal by Defendant from judgment entered 20 August 2013 by Judge Jeanie R. Houston in Wilkes County District Court. Heard in the Court of Appeals 13 August 2014.

> *Vannoy, Colvard, Triplett & Vannoy, P.L.L.C., by Daniel S. Johnson, for Plaintiff.*

> *Charlotte Gail Blake for Defendant.*


STEPHENS, Judge.


*Procedural and Factual Background*

Defendant Ralph E. Bell and Plaintiff Kathy Bell married in 1980 and separated on 22 May 2010. Their son, Chris Bell, was an adult at the time of the separation. Plaintiff initiated this action by the filing of a complaint for equitable distribution and injunctive relief on 30 July 2010. At the time

of their separation, Plaintiff had retired from full-time work, but continued to work part time. Plaintiff had a 401(k) retirement account. Defendant had become disabled in a work-related accident in 2008 and received both Social Security disability payments and a monthly lifetime retirement benefit from his former employer. At about the time of the parties' separation, Defendant had received a workers' compensation payment of just over $10,000. A final settlement of his workers' compensation claim after the parties separated provided Defendant an additional $37,500 as well a fund for future medical expenses. The parties owned three pieces of real property: a house on eleven acres, encumbered by a mortgage ("the Driftwood home"); a 5.2 acre tract of land on Baptist Home Road, encumbered by an equity line of credit ("the land"); and a house on four acres on Baptist Home Road, unencumbered by any debt ("the Baptist Home house"). Plaintiff also owned two pieces of real property which had been given to her by her parents during the parties' marriage.

On 30 August 2010, the trial court entered an interim consent order dividing possession of certain personal property. On 30 March 2011, Defendant fired a gun into Plaintiff's home, claiming a delusion that someone was holding Plaintiff and the

parties' son hostage. This event led to mental health evaluations of Defendant as well as the filing of criminal charges, for which Defendant received a probationary sentence. Defendant continued to experience hallucinations and lost the ability to care for himself. He allegedly violated his probation and was later incarcerated in the North Carolina Department of Correction.[1] It also appears that Defendant was involuntarily committed for some period of time.

On 28 February 2012, the court entered additional consent orders, dividing certain personal and real property without assigning value to the property. The court awarded to Defendant, *inter alia*, the Driftwood home, the land, and all of his retirement benefits and workers' compensation settlement and to Plaintiff, *inter alia*, her retirement account and several vehicles in her possession, with each party's award free from the claims of the other. The court also ordered the Baptist Home house be listed for sale, with each party to pay half of the cost required to get the house in marketable condition. The

---

[1] Despite a statement to the contrary in the equitable distribution order filed 20 August 2013, the transcript indicates that Defendant did not appear at the equitable distribution hearing, although his counsel and guardian both appeared on his behalf. The transcript of that hearing contains at least one reference to Defendant having been recently released on probation.

court stated its intention to use "the proceeds [of the eventual sale] to make up [any] difference in the equity owed to either party."

On 30 March 2012, the court ordered the parties to sell approximately three acres of the land on Baptist Home Road to raise funds for needed repairs on the Baptist Home house. On 15 June 2012, the court entered an order finding that Defendant was mentally unstable and unable to participate in the equitable distribution proceedings. A subsequent court-ordered mental health evaluation determined that Defendant was incompetent, and the court appointed Timothy B. Joines as guardian of Defendant's estate.

Joines appeared and testified on Defendant's behalf at the 2 April 2013 equitable distribution hearing. At that time, the Baptist Home house had not yet been sold, and Plaintiff testified at the hearing that the parties had agreed at some point to give the Baptist Home house to their son instead. Plaintiff introduced in evidence a spreadsheet which listed various marital property, including, *inter alia*, various personal property kept by Plaintiff; the Driftwood home; various retirement, workers' compensation, and pension monies; and a

list of expenses for which Plaintiff sought partial reimbursement including attorney's fees.

The court entered a final equitable distribution order on 20 August 2013 which awarded the Baptist Home house to the parties' son. The court ordered that the parties' other personal and real property be classified and divided as set out in an attached exhibit. That exhibit was identical to the spreadsheet introduced by Plaintiff. Defendant gave timely notice of appeal from the final equitable distribution order.

*Discussion*

On appeal, Defendant argues that the trial court abused its discretion in (1) classifying and distributing property according to Plaintiff's spreadsheet without making its own independent findings of fact on conflicting evidence and (2) removing the Baptist Home house from the marital estate and awarding it to the parties' son. We affirm in part and vacate and remand in part.

*I. Standards of review*

> Equitable distribution is governed by N.C. Gen. Stat. § 50-20 [], which requires the trial court to conduct a three-step process: (1) classify property as being marital, divisible, or separate property; (2) calculate the net value of the marital and divisible property; and (3) distribute equitably the marital and divisible

property. *A trial court's determination that specific property is to be characterized as marital, divisible, or separate property will not be disturbed on appeal if there is competent evidence to support the determination.* Ultimately, the court's equitable distribution award is reviewed for an abuse of discretion and will be reversed only upon a showing that it [is] so arbitrary that it could not have been the result of a reasoned decision.

*Brackney v. Brackney*, 199 N.C. App. 375, 381, 682 S.E.2d 401, 405 (2009) (citations and internal quotation marks omitted; emphasis added and some alterations in original); *see also Riggs v. Riggs*, 124 N.C. App. 647, 649, 478 S.E.2d 211, 212 (1996) ("The trial court's findings of fact . . . are conclusive if supported by any competent evidence. *The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal.*") (citation and internal quotation marks omitted; emphasis added), *disc. review denied*, 345 N.C. 755, 485 S.E.2d 297 (1997). In addition, "whether to impose sanctions and which sanctions to impose under [N.C. Gen. Stat.] § 50-21(e) are decisions vested in the trial court and reviewable on appeal for abuse of discretion." *Crutchfield v. Crutchfield*, 132 N.C. App. 193, 195, 511 S.E.2d 31, 34 (1999).

*II. Classification and distribution of certain marital property*

Defendant first argues that the trial court abused its discretion in classifying and distributing property according to Plaintiff's spreadsheet without making its own independent findings of fact on conflicting evidence. We disagree.

The equitable distribution order includes nine findings of fact, including finding of fact 9 which states that "[a]ll of the property listed on Exhibit A, attached hereto, is incorporated herein by reference. The property listed on Exhibit A is classified as listed and divided as stated on Exhibit A." Exhibit A as referenced in the order is identical to Plaintiff's Exhibit A. Defendant contends that the trial court abused its discretion because it "simply adopted [Plaintiff's] classifications and valuations without making any of its own independent findings, without providing any explanation, and without acknowledging that the [trial c]ourt's Exhibit A was Plaintiff's Exhibit A." Defendant cites no case law in support of his assertion that the trial court's "adoption" of Plaintiff's classifications and valuations was an abuse of discretion, or for his claim that the court was required to explain or acknowledge its inclusion of Exhibit A as part of the final equitable distribution order. We agree that

> [r]ecitations of the testimony of each witness *do not* constitute *findings of fact*

> by the trial judge, because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented. Where there is directly conflicting evidence on key issues, it is especially crucial that the trial court make its own determination as to what pertinent facts are actually established by the evidence, rather than merely reciting what the evidence may tend to show.

*Moore v. Moore*, 160 N.C. App. 569, 571-72, 587 S.E.2d 74, 75 (2003) (citations and internal quotation marks omitted; emphasis in original). However, the equitable distribution order here does not "merely recit[e] what the evidence may tend to show." *See id.* at 572, 587 S.E.2d at 75. Rather, the court found as fact that "[t]he property listed on Exhibit A is classified as listed and divided as stated on Exhibit A." This finding of fact indicates that the trial court made a "conscious choice" that Plaintiff's evidence regarding the proper valuation and classification of the parties' real and personal property was the most credible. *See id.* at 571-72, 587 S.E.2d at 75.

After carefully reviewing the transcript of the equitable distribution hearing, we are unsurprised that the court adopted Plaintiff's classifications and valuations. Plaintiff testified extensively regarding the parties' real and personal property, as well as their sources of income and retirement accounts. In

contrast, Joines, the only witness to present evidence on Defendant's behalf, testified only briefly and provided evidence on only a few parts of the parties' marital estate. The court's inclusion of the spreadsheet to list the classification and valuation of the listed real and personal property was not an abuse of discretion.

Defendant also specifically challenges (1) the classification of Defendant's workers' compensation settlement, (2) attorney's fees awarded to Plaintiff, (3) valuation of Plaintiff's vehicle, and (4) the omission of the real property given to Plaintiff by her parents. We address each sub-argument in turn.

*A. Defendant's workers' compensation settlement*

Workers' compensation awards

> acquired by the injured spouse during the marriage and before separation . . . will be marital property unless the party claiming it to be separate property (i.e., the injured spouse) proves by a preponderance of the evidence that the award, or some portion of it, was intended to compensate him for economic loss occurring after the date of separation and is therefore his separate property. . . .
>
> In situations where a spouse is injured during the marriage and prior to separation, but does not receive a workers' compensation award until *after* the date of separation, such an award nevertheless constitutes

> marital property to the extent that the award represents compensation for economic loss occurring during the marriage and prior to separation. In such a case, because the award is not acquired during the marriage and prior to separation, the non-injured spouse will not have the benefit of the marital property presumption, and instead must, in order to support classification of the award as marital, prove by a preponderance of the evidence that all or some portion of the award is compensation for economic loss occurring during the marriage and before separation.

*Freeman v. Freeman*, 107 N.C. App. 644, 654, 421 S.E.2d 623, 628-29 (1992) (citations omitted; emphasis in original).

Defendant contends that Plaintiff presented no evidence and the trial court made no finding of fact about what portion of Defendant's workers' compensation settlement was compensation for economic loss during the parties' marriage and before their separation. However, our review of the record reveals that Plaintiff's Exhibit 12 at the equitable distribution hearing was an "Agreement for Final Compromise Settlement and Release" approved by the North Carolina Industrial Commission on 2 August 2011. That exhibit states, *inter alia*, that Defendant received $10,330.66 during the parties' marriage and before their separation, and thus that award was properly classified as marital property. *See id.*

As for the settlement Defendant received after the parties separated, Plaintiff's Exhibit 12 indicates that the Industrial Commission had determined that Defendant was no longer disabled and thus no longer entitled to ongoing disability benefits as of 2 September 2008. Defendant's only evidence regarding the workers' compensation awards was that they were received for temporary disability. Thus, the uncontradicted evidence was that the entirety of the second award was compensation for economic loss occurring during the marriage and before separation, and in turn, that property was properly classified as marital property. *See id.* This argument is overruled.

*B. Attorney's fees*

Defendant contends that the trial court did not make sufficient findings of fact to support its award of attorney's fees in the amount of $985.79. We agree.

On 19 August 2011, Plaintiff moved for reasonable attorney's fees and reimbursement of mortgage payments made while Defendant was living rent-free in the former marital residence as sanctions under section 50-21(e). Under our General Statutes, the trial court may impose a sanction, if it finds, *inter alia*, that a party "has willfully obstructed or unreasonably delayed or attempted to obstruct or unreasonably

delay any pending equitable distribution proceeding . . . ." N.C. Gen. Stat. § 50-21(e) (2013).

In a consent order entered 28 February 2012, the court stated that Plaintiff's attorney should submit to the court an affidavit regarding fees and that the issue of attorney's fees would be addressed at the final equitable distribution hearing. Plaintiff's attorney submitted an affidavit listing the attorney's fees covered by the motion totaling $985.79. That amount appears in Exhibit A labeled "Attorney Fee" along with amounts for mortgage and tax payments and other expenses for which Plaintiff sought reimbursement. However, the final equitable distribution order contains no findings of fact that Defendant "willfully obstructed or unreasonably delayed or attempted to obstruct or unreasonably delay any pending equitable distribution proceeding[.]" *See id.* Accordingly, we vacate the portion of the equitable distribution order which purports to award attorney's fees to Plaintiff. On remand, the trial court shall properly consider Plaintiff's motion for sanctions under section 50-21(e), make the necessary findings of fact and conclusions of law as supported by the evidence, and enter the appropriate ruling in its discretion. *See Crutchfield*, 132 N.C. App. at 195, 511 S.E.2d at 34.

*C. Other property*

Defendant also contends that the trial court abused its discretion in not resolving disputed evidence on the value of the Driftwood home and the value of Plaintiff's car. The evidence regarding the value of the Driftwood home was conflicting. Plaintiff listed its value as $171,660 on her Exhibit A and testified that its tax value in 2011 was $171,660, while Joines testified that the most recent tax value of the property was $149,850. On redirect examination, Plaintiff testified that she thought the addition of a two-story garage which included a bathroom with a Jacuzzi tub may have raised the home's value. The court asked Plaintiff, "[D]o you agree the current tax value [is $]149,850, or do you know that?" Plaintiff replied, "I don't know that. I mean, I don't understand why it's dropped so much." As discussed *supra*, the court's finding of fact 9 and the listing of the value of the property at $171,660 indicates that the trial court resolved the conflict in the evidence in favor of Plaintiff's suggested valuation. As for the value of Plaintiff's car, Defendant does not explain what the disputed evidence was as to its value, and Joines did not testify about the value of any vehicles. Defendant's arguments on these points are without merit.

Defendant also contends that the court erred in failing to address the real property given to Plaintiff by her parents in the equitable distribution order. On cross-examination, Plaintiff was asked about the two pieces of property and testified that they were given to her by her parents during the marriage and that the taxes on them were paid from marital funds. At trial, Defendant never made any argument or offered any evidence that the properties were anything other than Plaintiff's separate property. *See* N.C. Gen. Stat. § 50-20(b)(2) (2013) (defining separate property, *inter alia*, as that "acquired by a spouse by devise, descent, or gift during the course of the marriage"). Defendant does not now contend that either property should have been classified as marital. Because the two properties were not included in the spreadsheet under the heading "Marital Property," it appears that the trial court classified them as separate, rather than marital, property. Defendant's argument on this issue is overruled.

*III. The Baptist Home house*

As for Defendant's second argument, Plaintiff concedes that the trial court erred in removing the Baptist Home house from the marital estate and awarding it to the parties' son in the absence of any stipulation of the parties. Accordingly, we

vacate this portion of the final distribution award and remand to the trial court for classification, valuation, and distribution of the Baptist Home house as part of the marital estate.

AFFIRMED in part; VACATED and REMANDED in part.

Judges CALABRIA and ELMORE concur.

Report per Rule 30(e).