EDNA C. HEDGECOCK v. HUBERT GRAY FRYE, T/A M & H DISTRIBUTORS, AND MARYLAND CASUALTY COMPANY.

(Filed 12 June 1968.)

**1. Master and Servant § 91—**

An agreement for the payment of compensation, when approved by the Industrial Commission, is as binding on the parties as an order, decision or award of the Commission. G.S. 97-87.

**2. Same;   Master and Servant § 82—**

The Industrial Commission has the inherent authority to appoint deputies with the same power to enter awards as is possessed by members of the Commission, G.S. 97-79, and such authority does not require that any particular title be conferred upon the deputy nor does it require that his title include the word "deputy."

**3. Master and Servant §§ 74, 91—**

Approval by the Chief Claims Examiner of the Industrial Commission of an agreement to pay compensation to a claimant is binding upon claimant as an award of the Commission, and the claimant is thereafter barred from pursuing a claim for change of condition more than twelve months after the last payment of compensation pursuant to her award under the agreement. G.S. 97-47.

APPEAL by plaintiff (claimant) from an Order of the Full Commission of the North Carolina Industrial Commission entered 10 January 1968.

Claimant was injured by accident arising out of and in the course of her employment on 19 October 1965. This injury was diagnosed by her doctor as acute low back sprain. On 1 November 1965, claimant and defendant entered into an Agreement for Compensation for Disability in accordance with G.S. 97-17. The I. C. Form 21 (Agreement for Compensation for Disability) was forwarded to the Commission and was approved for the Commission on 3 November 1965 by Mr. James R. Mitchell, Chief Claims Examiner. Claimant was paid compensation under this agreement from 20 October 1965 to 24 November 1965. Upon receipt of the last payment on or about 23 November 1965, claimant also received Industrial Commission Form No. 28B advising her that it was the last payment.

Claimant returned to work with the same employer and worked regularly until 9 December 1966, at which time she experienced an onset of pain in her back. She returned to the care of the same doctor who had treated her for the 1965 injury, and on 17 February 1967 her difficulty was diagnosed as a disc lesion. Claimant was hospitalized on 20 March 1967 and underwent surgery on 21 March 1967. She returned to work on 1 July 1967, but was able to work at her occupation for only two weeks. Claimant filed a request for hearing on 19 May 1967.

Hearing was conducted before Honorable William F. Marshall, Jr., Commissioner, in Winston-Salem on 18 September 1967.

The Hearing Commissioner found that claimant was not injured by accident arising out of and in the course of her employment on 9 December 1966. The Hearing Commissioner further found that plaintiff's request for a "change of condition" hearing under G.S. 97-47 was made more than one year from the last payment under the award for the 19 October 1965 injury; and that claimant is barred from further claim under the 19 October 1965 injury by the one year limitation contained in G.S. 97-47.

Upon appeal to the Full Commission the opinion and award of the Hearing Commissioner were affirmed. Claimant appealed.

*Hatfield, Allman and Hall by C. Edwin Allman, Jr., for plaintiff (claimant) appellant.*

*Deal, Hutchins and Minor by Richard Tyndall, for defendant appellees.*

BROCK, J.   In her appeal to the Full Commission, the claimant made three assignments of error as follows:

"1.   The Hearing Commission erred in failing to find that claimant's hospitalization, surgery and 10% permanent partial back disability and temporary total disability incident to said hospitalization, surgery and recuperation was caused by the accident on October 19, 1965.

"2.   The Hearing Commission erred in his conclusions of law that claimant's claim was approved by the Industrial Commission on November 5, 1965 (OUR NOTE: This should be November 3, 1965), and that claimant's only remedy was to reopen for changed condition pursuant to G.S. 97-47.

"3.   The Hearing Commission erred in finding that claimant's hospitalization, surgery and back disability was caused by the 'incident' on December 9, 1966."

Along with her exceptions to the action of the Full Commission in overruling claimant's exceptions and assignments of error, and in adopting as its own the findings of fact, conclusions of law, and award of the Hearing Commissioner, the claimant brings forward the same assignments of error to this Court.

Unless claimant's second assignment of error is sustained, her first assignment will be immaterial. For, if her claim for the 19 October 1965 accident was approved by the Commission and the last payment was made thereunder on 23 November 1965, her request for hearing filed 19 May 1967, more than twelve months from the date of the last payment of compensation, would come too late for a "change of condition" claim under G.S. 97-47. Therefore we will proceed to a consideration of claimant's second assignment of error.

Concerning the 19 October 1965 accident the parties stipulated that an agreement for compensation was entered into on 1 November 1965, and was approved by Mr. James Mitchell, Chief Claims Examiner of the North Carolina Industrial Commission on 3 November 1965.

An agreement for the payment of compensation when approved by the Commission is as binding on the parties as an order, decision or award of the Commission unappealed from or an award of the Commission affirmed upon appeal. G.S. 97-87; *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109. The claimant asserts however that the statute requires the agreement to be approved by the Commission, and that approval by the Chief Claims Examiner does not fulfill this requirement. Claimant asserts, therefore, that there has

been no award by the Commission and therefore the twelve months limitation of G.S. 97-47 is not applicable.

The Commission may appoint deputies with the same power to enter awards as is possessed by the members of the Commission. G.S. 97-79. By its affirmance of the award in this case it is obvious that the Commission recognized its appointment of the Chief Claims Examiner as its deputy for this purpose. The authority to appoint a deputy does not require that any particular title be conferred upon the deputy, nor does it require that his title must include the word "deputy." It is inherent in the statute that the Commission has the discretion to appoint deputies for such purposes as are appropriate for the conduct of its business.

Claimant cites *White v. Boat Corp.*, 261 N.C. 495, 135 S.E. 2d 216, in support of her argument that the agreement must be approved by a member of the Commission. In holding such an agreement binding in that case the Supreme Court said: "The Commission stamped its approval of the agreement on January 12, 1962." The record on appeal in *White v. Boat Corp.* reveals that the agreement for compensation was approved for the Commission by Mr. J. R. Mitchell, the same Chief Claims Examiner who approved the agreement in the case now before us.

The Commission had the authority to appoint a Chief Claims Examiner as its deputy to act for it in approval or disapproval of agreements for compensation. The Chief Claims Examiner approved claimant's agreement on 3 November 1965, and the agreement thereby became binding as an award of the Commission. The last payment under the award was received by the claimant on 23 November 1965, more than twelve months before she filed her request for hearing on 19 May 1967. Under the plain terms of G.S. 97-47 claimant is barred from pursuing a claim for change of condition more than twelve months after the last payment of compensation pursuant to her award under the agreement. If the time limitation under this statute is considered too short, it must be changed by the Legislature and not by the Courts. Claimant's first and second assignment of error are overruled.

It is not clear from claimant's third assignment of error whether she complains that the Commission failed to find that she sustained her injury from accident on 19 October 1965; or whether she complains that the Commission failed to find that she sustained her injury from accident on 9 December 1966. Nevertheless, in her brief, claimant treats this assignment of error as though made to the failure of the Commission to find that she sustained her injury from accident arising out of and in the course of her employment on 19 Oc-

tober 1965. Since it is thus treated by the claimant, it constitutes a repetition of her first assignment of error. We have already ruled upon the first and therefore claimant's third assignment of error is likewise overruled.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.