JESSIE R. HARRIS, WIDOW OF GROVER HARRIS, DECEASED EMPLOYEE v. LEE PAVING COMPANY, INC., EMPLOYER AND U.S. FIRE INSURANCE COMPANY, CARRIER

No. 7910IC1127

(Filed 17 June 1980)

1. **Master and Servant § 69— workers' compensation – death benefits – lump sum – unusual case – payment of mortgage of elderly widow**

    The evidence supported the Industrial Commission's finding that this is an "unusual case" which permits an award directing a lump sum payment of death benefits under G.S. 97-44 to the widow of a deceased employee where it tended to show that plaintiff requested a lump sum payment for the purpose of paying the balance due on her home mortgage; plaintiff is 66 years old and the balance of her mortgage will not be paid off until 1992 at which time she will be 80 years old; plaintiff is working full time because she could not meet her payments on the money she received from Social Security and the workers' compensation death benefits; and it appears that plaintiff will probably not be able to retain a sufficient portion of the workers' compensation payments to continue her mortgage payments at the expiration of those benefits when plaintiff will have to make mortgage payments for the remaining nine years at an age at which plaintiff will unlikely be able to support herself from her labors.

2. **Master and Servant § 69– workers' compensation – lump sum – no commutation to present value**

    A lump sum award under G.S. 97-44 need not be commuted to the present value of the future installments which would otherwise be due but can be the uncommuted total of those installments.

APPEAL by defendants from an Order and Award of the North Carolina Industrial Commission filed 26 September 1979. Heard in the Court of Appeals 15 May 1980.

This is a workmen's compensation proceeding in which the defendants have appealed from the Commission's Opinion and Award affirming the lump sum payment of death benefits to the widow and sole dependent of the deceased employee pursuant to G.S. 97-44. The deceased employee was killed in an accident arising out of and in the course of his employment on 3 April 1978. Thereafter, the defendants and the deceased employee's widow filed a Form 23D, Notice of Death Award, on 16 May 1978 with the Industrial Commission in which the parties agreed that the plaintiff would receive weekly compensation of $79.57

for a total of 400 weeks. Subsequently, plaintiff applied to the Industrial Commission for a lump sum award.

On 17 May 1979 Deputy Commissioner Sellers filed her Opinion and Award in which she concluded that a lump sum payment would be appropriate and that plaintiff is entitled to receive a lump sum equal to the uncommuted value of 345 weeks at $79.57 per week or $27,451.65. Upon appeal by the defendants, the Full Commission affirmed the Opinion and Award and added a finding of fact which recites that "this is an unusual case. The Industrial Commission deems it to prevent undue hardship and to be to the best interest of decedent's dependent wife . . . to order payment in a lump sum the uncommuted value of the future installment as due." Defendants appealed.

No brief for plaintiff appellee.

*Young, Moore, Henderson & Alvis, by Robert C. Paschal and Walter E. Brock, Jr., for defendant appellants.*

MARTIN (Robert M.), Judge.

This appeal involves the propriety of an award of the Industrial Commission directing a lump sum payment of death benefits under G.S. 97-44 to the widow of the deceased employee.

The general theory of the Workers' Compensation Act is to provide for periodic payments of compensation which replace a portion of lost earnings. Experience has taught that the income protection system of the Workers' Compensation Act is best accomplished through periodic payments. The purpose of this method of payment is to prevent the employee or his dependent from dissipating the means for his support and thereby becoming a burden on society. 3 A. Larson, The Law of Workmen's Compensation § 82-71 (1976). The Act, however, does give the Industrial Commission the authority to allow payment of the award in a lump sum pursuant to G.S. 97-44. G.S. 97-44 provides in pertinent part:

Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, in unusual cases, where the Industrial Commission deems it to be in the best interest of the employee or his dependents, ... be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission ...

Thus this section provides that the general statutory scheme for periodic payment of income benefits can be changed to a lump sum payment only in *unusual cases* and when the Commissioner deems it to be in the *best interest* of the employee or his dependents.

[1] The appellants contend the Commission erred in awarding a lump sum payment as the evidence fails to support the Commission's finding that this is an unusual case. The plaintiff in the case *sub judice* requested a lump sum payment for the purpose of paying the balance due on her home mortgage. Defendants argue that claimant's desire to pay off her debts with a lump sum is not such an exceptional circumstance as to justify a lump sum award. It has been stated that commutation will not be made merely because the person receiving compensation desires to pay debts. 82 Am. Jur. 2d, Workmen's Compensation § 654 (1976). We believe, however, that depending on the circumstance, the payment of debts may or may not be an important factor in determining what is an unusual case. *See* 3 A. Larson, *supra;* 69 A.L.R. 547 (1930).

In the case before us plaintiff is a 66 year old widow. Plaintiff testified that she works, when able, for a furniture factory earning approximately $92.00 per week. Plaintiff receives $118.00 per month from Social Security and $79.57 per week from defendant insurance company. Plaintiff's expenses include the house payment of $188.00 per month, payment of two notes which her husband owed at the time of his death, monthly light, heating, water bills and other living expenses. Plaintiff testified that the reason she requested a lump sum is that she is having trouble with her legs and would like to pay off the mortgage on the house. Plaintiff had to start working full time because she could not meet all the payments on the money she

Harris v. Paving Co.

received from Social Security and the insurance company. Plaintiff's mortgage is for 20 years beginning July, 1972 and the present balance is $18,690.39.

The foregoing facts show that the balance on plaintiff's mortgage will not be paid off until 1992 at which time plaintiff will be nearly 80 years old. Plaintiff's benefits from the insurance company if paid on the present weekly basis would continue only for an additional 345 weeks ending when plaintiff is in her early seventies. It is apparent that plaintiff's present expenses encumber not only the payments from worker's compensation but also income from other sources. Under these circumstances, it is doubtful that plaintiff will be able to retain a sufficient portion of compensation payments to continue her mortgage payments at the expiration of the worker's compensation benefits at which time plaintiff will have to make mortgage payments for the remaining 9 years at an age when plaintiff will be unlikely to support herself from her labors. There is sufficient evidence to support the finding of the Commission that this is an unusual case within the meaning of the statute. The record convinces us that the relief afforded by a lump sum payment would not be temporary only, bringing about greater economic difficulty in the future, but rather would secure to plaintiff a place to live out her later years.

[2] Defendants next contend that if plaintiff is entitled to a lump sum payment pursuant to G.S. 97-44, plaintiff is entitled to only the present value of the lump sum awarded by the Industrial Commission.

The Industrial Commission concluded that plaintiff is entitled to a lump sum equal to the uncommuted value of 345 weeks at $79.57 per week. In its "Comment" following its finding of fact, the Industrial Commission remarked as follows:

By paying the plaintiff a lump sum award for the uncommuted value of 345 weeks at $79.57 per week, the defendants will lose the use of the money which it would have had if the amount were paid over the 345 week period. But this is not to say that the plaintiff will receive more than the amount provided by law.

With regard to the amount of the lump sum to be awarded by the Commission pursuant to G.S. 97-44, that statute states that the liability for weekly payments "may ... be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission, but in no case to exceed the uncommuted value of the future installments which may be due under this Article."

Defendants' position that the lump sum award under G.S. 97-44 should be reduced to its present value is not supported by the plain language of G.S. 97-44 which allows an award up to the *uncommuted* value of the future installments. When the Legislature intends a lump sum award to be commuted to its present value, it uses precisely these terms in other sections of the Act as, for example, in G.S. 97-40: "Subject to the provisions of G.S. 97-38, if the deceased employee leaves neither whole nor partial dependents, then the compensation which would be payable under G.S. 97-38 to whole dependents *shall be commuted to its present value* and paid in a lump sum ...." Moreover, in 1963 the Legislature changed the language of G.S. 97-44 from a lump sum which shall be fixed by the Commission, but in no case to exceed the "commutable" value of the future installments to the "uncommuted" value of those installments. In so doing the Legislature expressed its intention that the maximum amount of the lump sum under G.S. 97-44 is not its commuted value or its commutable value but rather its uncommuted value.

The award of the Industrial Commission is

Affirmed.

Judges ARNOLD and WELLS concur.