The undersigned have reviewed the record in light of the plaintiff's appeal, and based upon the undisputed facts set forth in the parties pleadings, correspondence, and orders filed herein, make the following:
FINDINGS OF FACT
1. The parties entered into an Agreement for Compensation for Death (I.C. Form 30) to pay plaintiff 400 weeks of compensation to plaintiff as the widow of Carl L. Jones, who died on August 26, 1992 as a result of injuries sustained in the course of employment with the defendant. In June, 1993, plaintiff submitted an Application for Lump Sum Award (I.C. Form 31), with the agreement of the defendant, for $40,000.00 to pay half of the outstanding mortgage debt on her home, enabling her to refinance it for more manageable payments. The Commission's Chief Claims Examiner (then, Martha A. Barr) approved, with the instruction that the sum "be deducted off far end of benefits due", shortening the period of payments, rather than interrupting or reducing them (a method favored in compensation law with wage replacement benefits, e.g., N.C. Gen. Stat. § 97-42). The Commission decision was communicated to the parties by a letter dated June 24, 1993.
2. On September 26, 1994, plaintiff submitted a second request Application for Lump Sum Award for $20,000.00 for "home improvement [and] medical bills", to which defendant objected by letter dated December 16, 1994, the Commission's Chief Claims Examiner, now Pat Benton, declined to approve this application — a result clearly communicated by the letter, although formal terms such as "denied" and "ordered" were not used — and further advised the plaintiff that, "If you wish to pursue your request for a lump sum payment[,] you may request a hearing before the N.C. Industrial Commission to determine if, in fact, a lump sum payment should be made. We are enclosing herewith a Form 33 [request for hearing] for that purpose if you so desire." These instructions conformed to I.C. Rule 703 (1992) and N.C. Gen. Stat. § 97-85, giving the disappointed party to a summary administrative decision the right to a de novo hearing on the issue before a Deputy Commissioner, on that issue alone if appealed within 15 days. (The disappointed party may also raise the underlying issue, along with all issues effecting compensation, in a regular N.C. Gen. Stat. § 97-84 hearing, but the order or award is not stayed in the interim, except by specific order. I.C. Rule (2).)
3. On September 22, 1995, the plaintiff submitted a third I.C. Form 31 Application for Lump Sum Award for $50,000.00 for "currently due plus . . . expected additional costs advanced in a law suit related to the death of employee, my late husband" brought against the defendant and six individuals in the Superior Court of Chatham County (93 CVS 468) on the theories of action set forth in Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222 (1991), and Pleasant v. Johnson, 312 N.C. 710, 325 S.E.2d 244 (1985). Summary Judgment granted against the plaintiff, as Administratrix of the Decedent's Estate, in this tort action, was upheld by the North Carolina Court of Appeals on November 7, 1995 (120 N.C. App. 591,463 S.E.2d 294 (1995)), and a petition for discretionary review was denied by the Supreme Court on February 13, 1996 (342 N.C. 656, 467 S.E.2d 714 (1996)).
4. Defendant objected to the third Application for Lump Sum in a letter to Ms. Benton, dated October 3, 1995, over the signature of the same claims administrator who had signed all the previous agreements and communications with the Commission in this case. On October 10, 1995, plaintiff's counsel responded that defendant's letter had erroneously referred to the debt as "attorney's fees", rather than "out-of-pocket costs". By letter dated November 7, 1995, the Commission's Chief Claims Examiner advised the parties that she would "further consider the Lump Sum Application" if the plaintiff submitted "an accounting of the out-of-pocket costs owed". Plaintiff submitted the accounting, together with a copy of Rule 5.3 of the Rules of Professional Responsibility, prohibiting counsel from advancing litigation costs except when "the client remains ultimately liable for them".
5. By letter dated March 11, 1996, which was actually received by the defendant, Chief Claims Examiner Pat Benton notified the parties that the pending application for a lump sum was approved. Specifically, the letter stated, "It appears that about $51,000.00 in death benefits remain owed. I am authorizing $30,000.00 in a lump sum off the far end to be paid at this time." Except for the quoted sentences, this letter was in precisely the same format as those approving and denying the prior applications for payment of lump sums. Defendant has failed and refused to pay the lump sum in accordance with this Order of the Commission.
6. Defendant failed to appeal (either by requesting reconsideration or a hearing) within 15 days of their receipt of this letter, as required by N.C. Gen. Stat. § 97-85 and I.C. Rule 703, to contest the decision and prevent it from becoming the final "Order or decision of the Commission, or . . . an award of the Commission unappealed from" enforceable as a judgment per N.C. Gen. Stat. § 97-87, or enforceable by the Commission through its contempt powers or I.C. Rule 802 sanctions per N.C. Gen. Stat. § 97-80. Defendant has offered no grounds for relief from the operation of this Order in the nature of those specified in Rule 60(b) of the N.C. Rules of Civil Procedure, or otherwise.
7. On April 4, 1996, plaintiff filed with the Commission an Application for a Show Cause Order and Award of Attorney's Fees, seeking sanctions pursuant to N.C. Gen. Stat. §§ 97-80 and97-88.1, and I.C. Rule 802. In response, defendant alleged that plaintiffs were "falsely depicting the letter of March 11, 1996, by Ms. Benton as an `Order'"; that plaintiff's counsel "has not previously forwarded a letter of representation to the Commission, and therefore, does not have proper standing to file any claim in this regard"; that there was "no evidentiary hearing or even a request for same by either party"; that the underlying basis for the Order "fails to meet the applicable standard required under N.C. Gen. Stat. § 97-44"; that the defendant should recover attorney fees for defending plaintiff's "improper motion"; and, that plaintiff should be directed to request a hearing.
8. On April 16, 1996, the Deputy Commissioner denied the motion because "the time allowed for payment without incurring a late penalty under the provisions of G.S. § 97-18(e) and (g) had not expired as of the date of plaintiff's April 3, 1996 motion." Those subsections provide that the "first installment . . . under the terms of an Award by the Commission . . . shall become due 10 days from the day following expiration of the time for appeal", and that a 10% penalty is added if "not paid within 14 days after it becomes due". Within days of the filing of plaintiff's motion, the subject sum became due and owing, and the defendant has failed and refused since to tender payment.
9. On and before March 11, 1996, Pat Benton was employed as the Chief Claims Examiner of the North Carolina Industrial Commission and, by virtue of that office, empowered to rule on applications for lump sum payments of compensation awarded pursuant to N.C. Gen. Stat. § 97-44, as defendant in fact knew, as indicated by their correspondence with her. Ms. Benton's appointment and powers were memorialized in the Commission'sMinutes of 25 January 1995 (titled "Designation of Authority"), specifying this and seven other conventional duties of her office, which was available to any person on inquiry.
10. By letter dated May 2, 1996, in response to plaintiff's appeal from the Deputy Commissioner's Order, defendant's then-counsel, Mr. Reeves, stated that it was defendant's position that "Ms. Pat Benton's letter of March 11, 1996 . . . [was] at best, . . . an Administrative Order and not an `Award' of the Commission", and since there had been no evidentiary hearing, the "appeal to the Full Commission is improper", and suggest that "this matter should instead be placed on a hearing docket." Defendant also adopted, or adapted, the reasoning in the Deputy Commissioner's Order in defending the appeal to the Full Commission. Otherwise, defendant's position at the Full Commission hearing was essentially the same as presented to the Deputy Commissioner.
11. The defendant defended this hearing on review before the full Commission without reasonable ground.
* * * * * * * * * * * * * * * *
CONCLUSIONS OF LAW
1. Chief Claims Examiner Pat Benton, was empowered to exercise the authority of the Commission to consider and make Orders approving or denying applications for the lump sum payment of compensation pursuant to N.C. Gen. Stat. § 97-44 on March 11, 1996. N.C. Gen. Stat. § 97-79(b); Hedgecock v. Frye, 1 N.C. App. 369, 372,161 S.E.2d 647 (1996); Harris v. Paving Co., 47 N.C. App. 348,267 S.E.2d 381(1980).
2. A decision of the Chief Claims Examiner upon an application for the lump sum payment of compensation, if not appealed within 15 days from the date when notice of the decision shall have been given, is a final order or award of the Commission, and may be enforced on motion of a party, or by the Commission on its own motion. N.C. Gen. Stat. §§ 97-80, 97-85,97-87; I.C. Rule 703.
3. The defendant has failed and refused to pay the lump sum in accordance with the lawful Order of the Commission of March 11, 1996. N.C. Gen. Stat. § 97-44.
4. Plaintiff is entitled to recover a reasonable attorney fee from the defendant, due to defense of this motion without reasonable ground. N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * * * * *
ORDER
1. That counsel for the plaintiff shall submit to the undersigned an affidavit setting forth their services and an estimate of their time expended in the prosecution of this appeal; and
2. That defendant shall pay over to plaintiff the sum of $30,000.00, to be deducted from compensation due her, without commutation, as set forth in the Order of March 11, 1996, together with interest on said sum at the judgment rate of 8% per annum from April 25, 1996 until fully paid; OR SHOULD IT FAIL to do so, shall appear before the Full Commission on December 3, 1996 at 9:30 a.m. in the Commerce Hearing Room, 430 N. Salisbury Street, Raleigh, N.C., and SHOW CAUSE why defendant should not be held in contempt for failure to comply with the Order of this Commission.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER
JRW:md