The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pittman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
Prior to the hearing in this matter, the parties entered into a Pre-Trial Agreement which is incorporated herein by reference. Said Pre-Trial Agreement contains several stipulations entered into by the parties, which as aforementioned are incorporated herein as are the documents attached to said Pre-Trial Agreement. Furthermore, the parties stipulated to the admissibility of the deposition of Dr. Eaton which was received into evidence as plaintiff's Exhibit No. 1. Also, the parties entered into a stipulation on March 31, 1995 regarding the admissibility of the report of Dr. Benson Hecker, Ph.D, a vocational expert. In this stipulation, the parties agreed that the report of Dr. Hecker would be admissible evidence, and that Dr. Hecker was an expert in the field of vocational rehabilitation.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a sixty-two year old divorced female who attended school until the fifth grade and possesses reading, spelling, and arithmetic skills below the third grade level. Plaintiff's prior work history consists of her employment with defendant-employer and other manual labor positions which required her to perform numerous physical activities and engage in substantial lifting.
2. As of May 24, 1993, plaintiff had reached maximum medical improvement as to her back condition sustaining a ten percent permanent partial disability to her back as a result of the injury by accident giving rise to this claim.
3. As a result of said back condition, plaintiff is limited to light work which restricts plaintiff from lifting more than twelve to fifteen pounds and engaging in activities such as, climbing, squatting, repetitive bending, or standing on her feet for long periods of time.
4. Therefore, as a result of said injury, plaintiff is unable to return to her prior employment with defendant-employer or return to her prior employment wherein she performed manual labor.
5. Following the attainment of maximum medical improvement, defendant-employer did not provide plaintiff with a position compatible with her physical restrictions. Plaintiff has not found work within her physical capacity, and defendant has not presented evidence that plaintiff could have obtained a job compatible with her physical restrictions. Furthermore, vocational evaluation of plaintiff reveals that she possesses no readily marketable skills that could be used in other occupations. Because of her age, education, lack of marketable skills, work history and physical impairment, plaintiff is unable to earn any wages in the same or other employment. She has sustained a 100% loss of wage earning capacity, and has been so disabled since she last worked for defendant-employer.
6. Plaintiff has introduced no evidence in this matter regarding unusual circumstances or undue hardship from which the undersigned can find that it would be in the best interest of the plaintiff to have her unaccrued compensation benefits paid to her in a lump sum.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $173.32 per week commencing April 11, 1991, and continuing subject to a change in condition, return to work, or further order of the Commission for the temporary total disability plaintiff has sustained as a result of this injury by accident, subject to a credit for wages paid plaintiff by defendant when she did return to work on April 15, 1991. N.C. GEN. STAT. § 97-29.
2. Plaintiff is entitled to have defendant provide all medical treatment arising from this injury by accident to the extent said treatment tends to effect a cure, give relief, or lessen her disability. N.C. GEN. STAT. § 97-25.
3. Plaintiff is not entitled to have defendants pay her unaccrued temporary total disability benefits in a lump sum. N.C. GEN. STAT. § 97-44. Harris v. Lee Paving Co., 47 N.C. App. 348,267 S.E.2d 381, cert denied, 301 N.C. 88, 273 S.E.2d 297
(1980).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff is entitled to compensation at the rate of $173.32 per week commencing April 10, 1991 and continuing, subject to a change in condition, return to work, or further order of the Commission for the temporary total disability she sustained as a result of the injury by accident giving rise hereto. That portion of this compensation which has accrued shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of twenty-five percent of the compensation awarded herein is hereby approved for plaintiff's counsel. The accrued portion of the fee shall be deducted from the accrued benefits and thereafter defendant shall forward every fourth check of compensation benefits to plaintiff's counsel as long as plaintiff is entitled to compensation benefits.
4. Defendant shall pay the costs.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER
BSB/cnp/rst 1/30/97