IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-123

No. COA20-829

Filed 1 March 2022

North Carolina Industrial Commission, File No. 13-719914

CARMELA BLACKWELL, Employee, Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION/BUNCOMBE COUNTY SCHOOLS, Employer, SELF-INSURED (SEDGWICK CMS, Administrator), Defendant.

Appeal by Plaintiff from Opinion and Award entered 7 August 2020 by Chair Philip A. Baddour, III, for the North Carolina Industrial Commission. Heard in the Court of Appeals 7 September 2021.

*Thomas F. Ramer for the Plaintiff.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Patrick S. Wooten, for the State.*

DILLON, Judge.

This case concerns an injured employee seeking to convert her workers' compensation disability award of periodic payments to a lump-sum award.

## I. Background

Plaintiff is a former high school teacher who was injured while on the job breaking up a fight. She was diagnosed with numerous physical and mental injuries.

The Full Commission found Plaintiff to be permanently and totally disabled

and awarded her weekly benefits. Some time later, Plaintiff requested that her award be converted into a single, lump-sum payment, as allowed by N.C. Gen. Stat. § 97-44 (2018).

¶ 4 The Deputy Commissioner denied her request. Her request was likewise denied on appeal at the Full Commission. Plaintiff timely appealed to our Court.

## II. Standard of Review

¶ 5 "[T]he full Commission is the sole judge of the weight and credibility of the evidence, [and] appellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission's findings of fact are conclusive on appeal if supported by competent evidence, and its conclusions of law are reviewed *de novo*. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).

## III. Analysis

### A. Lump Sum Award

¶ 6 The Commission denied Plaintiff's request based on its belief that a lump-sum award was not allowed in any situation where the number of future payments was not certain, as is the case here. Specifically, Plaintiff is eligible to receive weekly benefits for the rest of her life, however long that might be.

¶ 7        Plaintiff argues that the Commission misapprehended the law. As explained below, we agree and remand the matter to the Commission for reconsideration of Plaintiff's request.

¶ 8        Our Workers' Compensation Act allows the Commission to allow future benefits to be paid in a lump-sum:

> Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, in unusual cases, where the Industrial Commission deems it to be to the best interest of the employee or his dependents, or where it will prevent undue hardships on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission, *but in no case to exceed the uncommuted value of the future installments which may be due under this Article.*

N.C. Gen. Stat. § 97-44 (2021) (emphasis added).

¶ 9        The Commission based its denial of Plaintiff's motion on the clause italicized above (the "Uncommuted Value Clause"). The Commission reasoned this clause prohibits any lump-sum award which would exceed the sum of the future installments that are being replaced. And, here, the number of future installments due Plaintiff is unknowable, as her weekly compensation may be terminated upon death or upon a showing that she is capable of returning to suitable employment. *See* N.C. Gen. Stat. § 97-2(22). Accordingly, the Commission reasoned, it was not allowed to make a lump-sum award as any such award *could* exceed the amount Plaintiff

would have otherwise received had she continued receiving her benefits in weekly installments, something that the Uncommuted Value Clause prohibits.

¶ 10 Our Court, however, has recognized that "[a]wards for permanent disability may be paid in weekly installments or in one lump sum." *Freeman v. Freeman*, 107 N.C. App. 644, 654, 421 S.E.2d 623, 628 (1992). Our Court has also upheld a lump-sum award under Section 97-44, in *Harris v. Lee Paving*, 47 N.C. App. 348, 267 S.E.2d 381 (1980), granted to the surviving spouse of an employee killed during employment. Though not expressly noted in that opinion, the number of future installments due that spouse was unknowable, as the surviving spouse could have died before all future installments she may have been eligible for would have been paid, or she could have remarried. *See* N.C. Gen. Stat. § 97-38 (compensation payable to surviving spouse to continue "during her . . . lifetime or until remarriage"). Our Court has never, otherwise, interpreted the Uncommuted Value Clause to restrict lump-sum awards only in those instances where the number of future installments is certain.

¶ 11 Accordingly, we conclude that the Commission has the authority in unusual cases to award a lump-sum, even where the sum of future benefits is not certain, if there is competent evidence tending to show how long the plaintiff was reasonably likely to have received future benefits. For instance, if the Commission appropriately determines that a lump-sum is warranted, it may consider competent evidence concerning Plaintiff's life expectancy. Our General Assembly, for example, has

provided a mortality table—an aid for calculating an individual's life-expectancy—that may be used for lump-sum award calculations:

> Whenever it is necessary to establish the expectancy of continued life of any person from any period of the person's life, whether the person is living at the time or not, the table hereto appended shall be received in all courts and by all persons having power to determine litigation, as evidence[.]

N.C. Gen. Stat. § 8-46 (2021). As with other cases involving permanent disability where the plaintiff's life expectancy is an issue, *see Gillikin v. Burbage*, 263 N.C. 317, 327, 139 S.E.2d 753, 761 (1965), the Commission may consider this statutory table as evidence in determining one's life expectancy in the context of a workers' compensation proceeding.

¶ 12    Our Court in *Harris* did hold that the phrase "uncommuted value of future installments" means that expected future installments may, *but need not,* be "commuted to its present value" by the Commission in calculating a lump-sum award. 47 N.C. App. at 352, 267 S.E.2d at 384.

¶ 13    However, where a lump-sum award is deemed appropriate, the Commission *should* discount the sum of expected future benefits when there is competent evidence available to set an appropriate discount rate. Indeed, there is a "time value of money," where a dollar today is worth more than a dollar tomorrow (or next year). Therefore, a plaintiff would receive a windfall if she were to receive today the same

amount that she was to receive in the future over time. Accordingly, it could be viewed as an abuse of discretion when the Commission does not discount the value of expected future benefits in calculating a lump-sum award where competent evidence is available to establish an appropriate discount rate.

¶ 14        Of course, the Commission's first task is to determine whether a lump-sum award is even appropriate in this case. Indeed, Section 97-44 provides that a lump-sum award may only be awarded "in unusual cases" where, relevant to this case, the award of a lump-sum is in "the best interest of the employee." The phrase "the best interest of the employee" is to be construed very narrowly. One might argue many reasons why it would be in the best interest for an employee to have control over the money sooner than later. But the plain language of the statute requires that the reason must be based on something peculiar in the employee's case making it "unusual." For example, one could argue that it is in an employee's best interest to have her benefits up-front so she can pay off high-interest credit cards. However, this reason would not necessarily be "unusual" as contemplated by Section 97-44.

¶ 15        Further, in determining the appropriateness of a lump-sum award, the Commission must be cognizant that the goals of the "Workers' Compensation Act [are] best accomplished through periodic payments" and an award of periodic payments is preferred "to prevent the employee [ ] from dissipating the means for [her] support and thereby becoming a burden on society." *Harris*, 47 N.C. App. at

349, 267 S.E.2d at 383.  The fact that the sum of Plaintiff's future benefits is unknown cuts against making a lump-sum award as Plaintiff could outlive her life expectancy and, therefore, run out of money for her care, even if properly invested.

## IV. Conclusion

The Commission erred in concluding that a lump-sum award under Section 97-44 is never allowed where the sum of future installments is uncertain.  We vacate the decision of the Commission and remand for reconsideration of Plaintiff's request.

On remand, the Commission must first determine whether Plaintiff has shown her situation to be an "unusual case."

Should the Commission deem that Plaintiff has met her burden in this regard, the Commission may consider any competent evidence, including the table codified in Section 8-46, to determine the number of installments that Plaintiff is expected to receive under her current award.  In calculating the lump-sum award, the Commission may discount the expected future installments to a present value.

VACATED AND REMANDED.

Chief Judge STROUD and Judge TYSON concur.